JAMES L. JOHNSTON *et als.*, Defendants in Error, *v.* C. H. KERKHOFF *et als.*, Plaintiffs in Error.

*Judgment—Record—Evidence.*—The record of a judgment in partition, reciting that all the parties had been served with process according to law, is conclusive upon the parties to the suit. (*Supra* Latrielle v. Dorleque, p. 233.)

*Error to Jefferson Circuit Court.*

*Thomas & Hagan,* for defendants in error.

*A. Green,* for plaintiffs in error.

BATES, Judge, delivered the opinion of the court.

This is an action of ejectment for one-ninth of a tract of land in Jefferson county. The plaintiffs claim title as heirs of Benjamin Johnston, senior, deceased. The defendants claim under a sheriff's sale, made under an order of sale on a judgment in partition to which the plaintiffs were parties. The plaintiffs reply that the judgment in partition is void as to them, because they allege that they were not properly made parties to the proceeding. It appears that Benjamin Johnston, junior, was one of the heirs of Benjamin Johnston, senior, as were also the plaintiffs, who were minors and wards of Benjamin Johnston, junior; that Benjamin Johnston, junior, filed a petition for partition (under the act of 1835) and with it a notice of his intention to do so, upon which was written a waiver of notice, signed by several of the defendants and by himself as guardian of. the plaintiffs herein, who were defendants in that proceeding, and an order of publication against some absent defendants was made. At the next term of the court a judgment was rendered ascertaining the rights of the parties and appointing commissioners to make partition; and again, at the next term thereafter, the commissioners reported that the land could not be divided, and the final judgment was rendered that the land should be sold.

The judgment rendered at the second term, ascertaining the rights of the parties, recites that " the order of publication made at the last term of this court having been complied with, and the parties interested, as far as are known, who are residents of this State, having been individually served with process according to law," &c. At the trial of this case the court, at the instance of the plaintiffs, gave to the jury the following instructions :

1. The sheriffs deed, read by defendants in the partition suit, conveys no title to the one-ninth of the lands sued for in this suit, and the same is excluded from the consideration of the court.

2. B. Johnston, junior, being plaintiff in the partition proceeding, and others (plaintiffs) being made defendants therein, the said B. Johnston had no power to waive notice for them, and his action in the premises is irregular and void as to said plaintiffs, they being minors at the time.

3. A final judgment cannot be rendered at the return term of the writ.

Judgment was given for the plaintiffs, and the defendants have brought up the case by writ of error.

The court erred in the instructions given. However defective B. Johnston's waiver of notice for his wards (the plaintiffs) may have been, the record also shows that they were "individually served with process according to law," and this record is undeniable ; and being so in court, they were bound by the judgment and the sale under it. The third instruction is a general declaration of law, not applied and not applicable to the facts of this case ; for the judgment was not rendered at the return term.

Judgment reversed and cause remanded. Judges Bay and Dryden concur.